Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6640 | **DATE** | 10/21/2010 |
| **CASE TITLE** | Ramazan Iz and Hasibe Iz-Anadal vs. The Boeing Company | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court holds that it lacks subject matter jurisdiction over this action, remands it, *sua sponte*, to the Circuit Court of Cook County and terminates this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     The Class Action Fairness Act ("CAFA") extends diversity jurisdiction to "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact [for] those plaintiffs whose claims in a mass action satisfy the jurisdictional amount." 28 U.S.C. § 1332(d)(11)(A), (B). Excluded from this definition are "claims [that] are joined upon motion of a defendant" and "claims [that] have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(II), (IV).

     This suit has only two plaintiffs and, though it was consolidated in state court with other suits arising from the same plane crash, the consolidation was for discovery purposes only. Nonetheless, Boeing argues that this suit and the others like it that have been filed in state court constitute a mass action within the meaning of CAFA because plaintiffs have proposed that the cases be tried jointly.

     The Court disagrees. Plaintiffs' alleged proposal to try all of the crash cases together appears in a footnote in their consolidated response in opposition to Boeing's motion to transfer the cases from Illinois to Washington. To refute Boeing's argument that its witnesses would be required to travel to Chicago repeatedly to testify in the cases, plaintiffs said: "As this Court is aware, in aviation disaster cases, several exemplar cases are routinely tried on one occasion at which time the issue of liability is determined for the remainder of the cases." (Notice of Removal, Ex. 2, Pls.' Consol. Resp. Def.'s Forum Non Conveniens Mot. 18 n.2.) That is hardly an unequivocal proposal to try the cases together. Absent such a proposal, the Seventh Circuit has held, identical state court cases that have less than 100 plaintiffs each do not constitute a mass action:

> The mass action provision gives plaintiffs the choice to file separate actions that do not qualify for CAFA jurisdiction. The instant cases contain fewer than 100 plaintiffs and thus are not removable under the plain language of the statute. Bayer's argument that these separate lawsuits

| STATEMENT |
|---|
| be treated as one action is tantamount to a request to consolidate them – a request that Congress has explicitly stated [is] not . . . a basis for removal as a mass action [under CAFA] .<br><br>*Anderson v. Bayer Corp.*, 610 F.3d 390, 393-94 (7th Cir. 2010).<br><br>      That court's earlier decision in *Bullard v. Burlington Northern Santa Fe Railway Co.*, 535 F.3d 759 (7th Cir. 2008), does not dictate a different result. The issue in *Bullard* was when a mass-action defendant can remove a suit under CAFA. *Id.* at 761. The court held that the removal right is triggered when a 100-plus-plaintiff suit is filed, with or without a proposal for exemplary trials, or more than 100 plaintiffs in multiple suits propose that their cases be tried jointly. *Id.* at 762. This is not a 100-plus-plaintiff suit or a case in which more than 100 plaintiffs in identical suits have proposed that they be tried jointly. Thus, this suit does not fall under the mass-action provision of CAFA and is remanded to state court. |